IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-3228-M-BN |
| | § | |
| DALLAS AREA RAPID TRANSIT and | § | |
| OLIVER JONES, #27286, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Carolyn Butler, "an individual resident of Texas," who "resides in Fort Worth," Dkt. No. 3 at 1, brings negligence claims against Dallas Area Rapid Transit ("DART") – a Texas "governmental entity, as well as a political subdivision," *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, No. 3:03-cv-110-G, 2003 WL 21529043, at *4 (N.D. Tex. July 3, 2003) (citation omitted) – and a DART bus operator, *see generally* Dkt. No. 3. While Butler has moved for leave to proceed *in forma pauperis*, *see* Dkt. No. 4, upon an initial review of her complaint, the undersigned,

-1-

concerned that subject matter jurisdiction was lacking, issued an order on November 30, 2017 requiring that Butler file, no later than January 2, 2018, a written response to show that the Court has subject matter jurisdiction over her lawsuit. *See* Dkt. No. 5. The Court docketed Butler's timely response on December 21, 2017. *See* Dkt. No. 6.

## Legal Standards and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Butler chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some

substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Butler first asserts that subject matter jurisdiction exists here under Chapter 53 of Title 49 of the United States Code, which concerns the Federal Transit Administration, specifically the section of that chapter of the code addressing the public transportation safety program – 49 U.S.C. § 5329. *See* Dkt. No. 6 at 2 ("A federal question presented on the face of Plaintiff's Original Petition, embraced the laws of Texas Federal Public Transportation law and satisfied the requirements of 28 U.S.C. § 1331."). Butler further asserts that, even though she has not named the United States as a defendant, federal question jurisdiction exists under the Federal Torts Claims Act ("FTCA"). *See id.* at 2-3. And, also somewhat related to the FTCA, she contends that "[s]tate courts are not allowed to hear lawsuits against the United States." *Id.* at 2 (citing 28 U.S.C. § 2679(d)(2)).

Beginning with Section 5329, that provision specifically states that, as "to any cause of action under State law arising from an event or activity occurring on or after the date of enactment of the Federal Public Transportation Act of 2012," "[n]othing in

-3-

this section shall be construed to create a cause of action under Federal law on behalf of an injured party or confer Federal question jurisdiction for a State law cause of action." 28 U.S.C. § 5329(j). Thus, Chapter 53 of Title 49 of the United States Code, as pleaded, affords Butler no relief.

Further, under the FTCA, federal courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)). And Butler's citation to Section 2679 implicates "[t]he Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, [which] accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(b)(1)).

> When a federal employee is sued for wrongful or negligent conduct, the Act empowers the [United States] Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the [FTCA]. If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains "conclusiv[e] ... for purposes of removal." § 2679(d)(2).

*Id.* at 230-31 (citation omitted); *see also Barnes v. Gittel*, 650 F. App'x 236, 239 (5th Cir. 2016) (per curiam) ("'[O]nce certification and removal are effected, exclusive

-4-

competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.' Because the Attorney General properly certified that Gittel was acting within the scope of her employment, removal to the district court was proper, and that court committed no error in declining to remand the case to state court." (quoting *Osborn*, 549 U.S. at 231)).

Here, however, Butler has neither sued a federal employee nor the United States, so neither the Westfall Act nor the FTCA are implicated by the facts alleged in her complaint.

For these reasons, the Court lacks subject matter jurisdiction under Section 1331.

And, although Butler appears not to advance an argument that diversity jurisdiction exists, *see generally* Dkt. No. 6, as explained in the November 30, 2017 order, "it is apparent, based on the face of the complaint, that complete diversity is lacking," Dkt. No. 5 at 3.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE